UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| RICHARD WEYLAND, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN CRUISE LINES, *et al.*, )<br>)<br>  Defendant. ) | Case No. 5:24-cv-00194-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

*** *** *** ***

Mr. Weyland asserts that American Cruise Lines constructively discharged him on the basis of his religious beliefs. For the following reasons, the Court will **GRANT** Defendant Robertson's Motion to Dismiss and **DENY** American Cruise Line's Motion to Dismiss **without prejudice.**

**I**

Between 2019 and 2021, Mr. Weyland worked as a Captain for Defendant American Cruise Lines.[1] [R. 1 at 2.] Plaintiff Weyland states that he was unlawfully constructively discharged because of his religious objection to the Covid-19 vaccine. *See generally id.* He brings a Kentucky Civil Rights Act (KCRA) constructive discharge claim against American Cruise Lines and the Company's President, Charles Robertson. *Id.*; *see* Ky. Rev. Stat. Ann. § 344.040.

Robertson and American Cruise Lines move to dismiss the Complaint, asserting that, *inter alia*, Mr. Weyland's Complaint is time barred and otherwise fails to state a claim. [R. 18;

---

[1] The facts recounted here are taken from Mr. Weyland's Complaint. [R. 1.] At the 12(b)(6) stage, the Court presumes their truth while making reasonable inferences in the Plaintiff's favor.

R. 15]; *see* Fed. R. Civ. P. 12(b)(6).

## II

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiffs' complaint. Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, a court "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555).

### A

As a threshold issue, Defendant Robertson contends that the KCRA claim against him is foreclosed by Sixth Circuit precedent. The Court agrees. The Sixth Circuit has held that "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Further, "[b]ecause KRS Chapter 344 mirrors Title VII, we find our holding equally applicable to KRS Chapter 344." *Id.* Relying on *Wathen*, this Court has previously dismissed a purported KCRA suit against a plaintiff's supervisors under § 344.040:

> Upon recognition that the majority of circuits and of district courts within the Sixth Circuit have rejected the concept of individual liability under Title VII, the Sixth Circuit also has held that 'an individual employee/supervisor, who does not otherwise qualify as an employer, may not be held personally liable under Title VII.' *Wathen*, 115 F.3d at 404-05; *see also Griffin v. Finkbeiner*, 689 F.3d 584, 600 (6th Cir. 2012) ("An individual cannot be held personally liable for violations of Title VII.") (citing *Wathen*, 115 F.3d at 405); *Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003) (recognizing *Wathen v. General Electric* as controlling authority for the principle that Title VII does not create individual liability for individuals in supervisory positions). Again, Vinova presents no argument or caselaw to the contrary, and therefore effectively concedes that her Title VII and KRS 344 claims should be dismissed against the individual Defendants. Accordingly, and because the Court finds that the law supports doing so, Vinova's claims under KRS Chapter 344 and Title VII will be dismissed against the individual Defendants.

*Vinova v. Henry Cnty. Bd. of Educ.*, No. CV 15-37-GFVT, 2015 WL 7681246, at *3 (E.D. Ky. Nov. 24, 2015) (internal citation omitted). Weyland provides no reason to stray from this prior determination. Moreover, the cases he cites in support of individual liability pertain to the Whistleblower Act and other sections of the KCRA governing retaliatory harassment by a supervisor. *See Cabinet for Fams. & Child. v. Cummings*, 163 S.W.3d 425, 434 (Ky. 2005) ("[T]he language of KRS 61.101(2) does not impose individual civil liability under Kentucky's Whistleblower Act for reprisal against public employees of the Commonwealth and its political subdivisions."); *Morris v. Oldham Cnty. Fiscal Ct.*, 201 F.3d 784, 794 (6th Cir. 2000) ("The Kentucky retaliation statute plainly permits the imposition of liability on individuals."). Because Mr. Weyland's Complaint does not make any allegations under those provisions, that case law is inapplicable. Accordingly, and consistent with its prior ruling in *Vinova*, the Court will dismiss Charles Robertson as a defendant in this lawsuit.

Furthermore, though the Plaintiff's briefing purports to distinguish between "individual" and "official" capacity claims against Robertson, no such distinction exists. Mr. Robertson is, by all accounts, a private individual employed by a private company. Thus, Weyland "cannot sue []

Defendant [Robertson] in [his] nonexistent official capacit[y]." *Brown v. Taylor*, No. EP-13-CV-00017-FM, 2017 WL 11449893, at *5 (W.D. Tex. Sept. 13, 2017); *see Ellibee v. Leonard*, 226 F. App'x 351, 357 (5th Cir. 2007) ("[T]he record shows that the defendants were employees of private companies, not a state or local government, so the defendants had no official capacities in which they could be sued."); *Brown*, 2017 WL 11449893, at *5 ("[A]lthough ostensibly suing the Avalon Defendants in their official capacities, these Defendants consist of a private corporation and private individuals.  Private corporations and individuals do not have 'official capacities' for purposes of § 1983.").  The Court will therefore dismiss the "individual" and "official" capacity claims against this Defendant.

### B

As for the remaining claim against American Cruise Lines, the parties are at an impasse incapable of resolution on a 12(b)(6) motion.  Defendant American Cruise Lines asserts that Weyland's claims are time barred because, although he was terminated on July 21, 2021, he failed to file his federal Complaint until July 25, 2024. [R. 15-1 at 7]; *see* Ky. Rev. Stat. Ann. § 413.115 ("The following actions shall be commenced within three (3) years after the cause of action accrued: . . . (2) An action for a violation of KRS 344.030 to 344.110 or 344.372.").

Though the Complaint does not provide an exact date for the discharge, Plaintiff Weyland's response brief asserts that he was terminated on either July 25, 2021, or July 26, 2021. [R. 24 at 5.]  Therefore he states that he might have filed suit within the three-year period, though he acknowledges that "[c]learly this is a factual issue which will require the continuation of proceedings, perhaps all the way to trial, to establish." *Id.*  Thus, even if the Court were to accept these new facts alleged in Weyland's response brief, Weyland effectively concedes that he might have filed out of time.

Still, the Court will not summarily dismiss his lawsuit on this basis. However, it finds that the statute of limitations issue should be resolved before addressing American Cruise Lines's additional arguments. *See Yung v. Raymark Indus., Inc.*, 789 F.2d 397, 401 (6th Cir. 1986) (district court did not abuse its discretion in trifurcating trial to consider statute of limitations issue separately, especially where "court time and litigation expenses [were] minimized" by resolving that matter first); *Yacub v. Sandoz Pharms. Corp.*, 85 F. Supp. 2d 817, 828 (S.D. Ohio 1999) (deciding a statute of limitations issue first because it "would not only promote judicial economy, but also limit litigation expenses, avoid confusion of the issues, and prevent undue prejudice"); *Saat v. United States*, No. 6:23-CV-185-CHB, 2024 WL 4015937, at *7 (E.D. Ky. June 20, 2024) (denying a motion to dismiss or in the alternate for summary judgment and ordering limited discovery on statute of limitations); *Embry v. Simon & Simon, P.C.*, No. 3:21-CV-233, 2022 WL 17490336, at *1 (S.D. Ohio Nov. 4, 2022) ("Whether Embry's claim is barred by the statute of limitations is a threshold matter that deserves resolution prior to full discovery."). If the action turns out to be time barred, that will resolve the case without the need to address additional arguments. Thus, for the purposes of preserving judicial economy and avoiding unnecessary litigation, the Court will order limited discovery on the statute of limitations issue before resolving the Defendants' substantive arguments for dismissal.[2]

---

[2] The Defendant's other arguments raise factual issues about whether American Cruise Lines qualifies as an "employer" under the KCRA and whether Plaintiff Weyland seeks to enforce the KCRA extraterritorially. Under the KCRA, "'Employer' means a person who has eight (8) or more employees within the state in each of twenty (20) or more calendar weeks in the current or preceding calendar year[.]" Ky. Rev. Stat. Ann. § 344.030. In his Complaint, Mr. Weyland alleges that the Defendant employed him and "operated cruises which docked in Kentucky." [R. 1 at 2.] He further states that his 2021 assignment consisted of working cruises travelling the Mississippi river, and that in July of 2021 he operated a cruise which docked in Paducah, Kentucky and then proceeded through Kentucky's Cumberland River. *Id.* at 3, 5. He alleges that he worked continuously from February to June 2021. *Id.* at 4. Admittedly, Mr. Weyland's Complaint could have been clearer about this issue. Nonetheless, taking these allegations in the light most favorable to the Plaintiff, it is at least plausible that American Cruise Lines was an employer within the meaning of the KCRA. Defendants' fact intensive arguments about the accuracy of that allegation are best preserved for summary judgment review.

**III**

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Robertson's Motion to Dismiss **[R. 18]** is **GRANTED;**

2. Defendant Robertson is **DISMISSED** as a Defendant in this action;

3. American Cruise Line's Motion to Dismiss **[R. 15]** is **DENIED without prejudice**;

4. The parties shall have **one-hundred and twenty (120) days** from the date of this Order to engage in limited discovery as to the statute of limitations' applicability;

5. Defendant American Cruise Lines shall have **thirty (30) days** after the close of limited discovery to file a dispositive motion(s) as to the statute of limitations;

6. Any responses and replies shall be filed in accordance with the local rules.

This the 3d day of September, 2025.

Gregory F. Van Tatenhove
United States District Judge