UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| RICHARD WEYLAND, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:24-cv-00194-KKC |
| | ) | |
| v. | ) | OPINION & ORDER |
| | ) | |
| AMERICAN CRUISE LINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on Defendant American Cruise Lines' Application for Attorney Fees. [R. 45]. For the reasons that follow, the Court **GRANTS** the Defendant's motions.

## I. Factual Background

This case involves a wrongful termination claim by Plaintiff Richard Weyland against Defendant American Cruise Lines ("ACL"), his former employer.[1] Weyland first filed his claim on July 25, 2024, bringing forth one count of constructive discharge in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.040. [R. 1 at 7]. In November of 2024, both ACL and a former co-defendant, Charles Robertson, filed responsive pleadings moving to dismiss Weyland's claims. [R. 15; R. 18]. In a September 4, 2025, opinion, the Court granted Robertson's motion but denied ACL's. [R. 29].

ACL's original motion to dismiss is key to the background of the present fee dispute. In that motion, ACL argued that Weyland's suit fell outside of the applicable statute of limitations. [R. 15-1 at 6–7]. ACL asserts that they terminated Weyland's employment on July 21, 2021. Weyland filed his lawsuit on July 25, 2024. The statute of limitations for a

[1] The factual background of this case is well developed in the record, and the Court need not recite it again. [*See* R. 43 at 1–7].

KCRA claim is 3 years. Weyland argues that ACL did not fire him until July 25, 2021, or July 26, 2021. A single question overshadowed the entire case: Whether Weyland timely filed his claim.

In the September 4, 2025, opinion, the Court acknowledged that the "parties are at an impasse incapable of resolution on a 12(b)(6) motion" and held that "the statute of limitations issue should be resolved before addressing American Cruise Lines' additional arguments." [R. 29 at 5]. The Court ordered limited discovery on the statute of limitations issues. [*Id.*] During discovery, ACL sent Weyland a series of interrogatories and requests for admission. The requests for admission asked Weyland to admit, among other things, that his last working day was July 16, 2021, and that he was verbally terminated on July 21, 2021. *See* [R. 43 at 3] (recounting admissions dispute). Per Fed. Civ. P. 36(a)(3), Weyland should have filed a response 30 days after he received electronic service on December 12, 2025. [*Id.* at 4]. Weyland filed no response to these requests for admission.

ACL's counsel acknowledged in a December 15, 2025, phone call that Weyland missed the deadline and would need to seek leave of court to extend the filing period. The parties then negotiated an agreed order to extend the time "to engage in limited discovery as to the statute of limitations' applicability" through April 3, 2026, and gave the parties until May 4, 2026, to file a dispositive motion on the statute of limitations. [*Id.*] That agreed order did not mention the requests for admission, and it did not by its terms revive any elapsed time to respond to outstanding written discovery. On the final day of the extended discovery period, Weyland filed a new set of discovery responses. Relevant to the unanswered admissions request, Weyland denied ACL's request for admission as to the date of termination, claiming instead that ACL fired him on July 27, 2021, citing to an AT&T call log procured through a third-party subpoena. [*Id.* at 4–5].

At the dispositive motion deadline, ACL timely moved for summary judgment. [*See* R. 33]. ACL's motion relied on the unanswered admissions from December 2025, not the new admissions filed in April. Weyland responded by filing a Response brief opposing the summary judgment motion, a motion to withdraw any deemed admissions, and a motion for sanctions against ACL's counsel. [R. 34; R. 35; R. 36]. ACL naturally opposed these new motions, arguing that no order extended the deadline for the expired admissions request and that Weyland's own lack of diligence caused the procedural default.

On July 9, 2026, the Court resolved these various motions. [R. 43]. The Court first addressed Weyland's Motion to Withdraw, reasoning that

> If the deemed admission of RFA No. 2 stands, Weyland's July 21, 2021, termination is conclusively established, the April 3 denial and the AT&T call log cannot create a dispute against a binding admission, and the limitations defense succeeds. If the admission is withdrawn, the denial becomes operative and the accrual date is open to proof. Whether a genuine dispute exists for summary-judgment purposes thus depends entirely on how the withdrawal question is resolved. The Court accordingly addresses the Motion to Withdraw first, the Motion for Summary Judgment second, and the Motion for Sanctions last.

[*Id.* at 7–8]. The Court held that Weyland satisfied both prongs of the Sixth Circuit's two-part test used to evaluate motions to withdraw: (1) permitting withdrawal would subserve the presentation of the merits, and (2) ACL failed to show that withdrawal would prejudice its case. [*Id.* at 10–12]. But the Court acknowledged that it owed ACL "a candid explanation about why it reaches this result, because ACL's objection is fair." [*Id.* at 13]. Several factors weighed against Weyland, including that his "responses were months late, his explanations are partial, RFA No. 2 lies outside the November 12 instruction he invokes, and he was told in plain terms on December 15 that the elapsed deadline required leave of court." [*Id.*]

The Court decided to balance Weyland's procedural victory against these factors by requiring Weyland to compensate ACL for the time wasted in submitting its summary judgment motion. The text of the opinion is particularly relevant to the issue *sub judice*:

> The fact that the Weyland may litigate the accrual date does not mean he may do so for free. Withdrawal unwinds the consequence of Weyland's own default, and it does so after ACL expended the effort of preparing a summary-judgment motion built upon an unanswered request for admission, as the Rule then allowed. A litigant who misses the deadline that creates an admission, and who is then relieved of that admission by the Court's grace, is not entitled to a costless do-over. The court in South confronted this asymmetry and resolved it by granting withdrawal while requiring the late-responding party to bear the fees its opponent had reasonably incurred on the summary-judgment motion the withdrawal undermined. *South*, 2008 WL 11352600, at *4 (citing *Dynasty Apparel Indus. v. Rentz*, 206 F.R.D. 596, 602 (S.D. Ohio 2001)). The Court adopts that course here. **Weyland shall bear the reasonable attorney's fees ACL incurred in preparing its Motion for Summary Judgment [R. 33] to the extent that motion rests on the deemed admission**. This condition compensates ACL for work that Weyland's late service made necessary, discourages any treatment of Rule 36 deadlines as optional, and makes plain that withdrawal is an accommodation to the merits, not a reward for delay.

[*Id.* at 14] (emphasis added). The Court then denied ACL's summary judgment motion without prejudice and with leave to refile. [*Id.* at 15–16]. The Court also denied Weyland's motion for sanctions. [*Id.* at 16–17].

Paragraph 2 of the Order's Disposition (Section III) reads as follows:

> 2. Plaintiff **SHALL** bear the reasonable attorney's fees American Cruise Lines, Inc. incurred in preparing its Motion for Summary Judgment **[R. 33]** to the extent that motion rested on the deemed admission.
>
> > a. Within **twenty-one (21) days** of the entry of this Order, ACL may file a statement of those fees, supported by appropriate documentation. Response and Reply briefs to this statement shall be filed in accordance with the local rules.

[*Id.* at 18]. The Court then reopened limited discovery and set a new dispositive motion deadline to allow ACL to file any dispositive motion as to the statute of limitations.

Shortly after the entry of this Order, Chief Judge David L. Bunning reassigned this action to the undersigned. [R. 44]. ACL timely filed its motion for attorney fees on July 30, 2026. [R. 45]. That motion requested $7,220.00 in legal fees for 25 hours of work. [R. 45-1 at 4]. Weyland filed a Response in opposition to the fee request. [R. 46]. Weyland argued that the requested fees were not reasonable and that ACL is entitled only to $1,347.50 in legal fees for 4.9 hours of work. [*Id.* at 10]. ACL filed a Reply brief countering these arguments and justifying its full proposed fee award. [R. 47].

## II. Legal Standard

Courts have broad authority to require a party to pay an opponents' attorney fees during the course of litigation for a variety of reasons. 28 U.S.C. § 1927 ("Any attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct"). The civil rules hold that the Court "may order payment of the reasonable expenses, including attorney's fees, caused by" a failure to disclose, supplement an earlier response, to admit. Fed. R. Civ. P. 37(c)(1)(A). In any attorney fee dispute, the guiding principle is whether such requested fees are "reasonable." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). Courts look to the "lodestar" calculation, which "produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). Courts calculate the lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate. *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016).

A reasonable award is one that "is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). The Court must "provide a concise but clear explanation for its reasons for the fee award." *Woolridge v. Marlene Ind. Corp.*, 898 F.2d 1169, 1176 (6th Cir. 1990). "Where a party raises specific objections to a fee award, a district court should state why it is rejecting them." *Id.* The Court, however, need not act as "green-eyeshade accountants" and achieve "auditing perfection" but instead must simply do "rough justice." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

## III. Analysis

Weyland challenges the proposed award as unreasonable. Weyland raises three arguments in support of reducing the fee award. First, he argues that the Court's order cabined the fee award to the preparation of the summary judgment motion *only*, and excised any time spent reviewing Weyland's response and filing a Reply. [R. 46 at 4–5]. Second, that ACL should not be paid for time in drafting "reusable" procedural and factual sections of the brief. [*Id.* at 5–7]. And third, that ACL included "remedial or duplicate research" that should not count toward the fee award. [*Id.* at 7–8]. This constitutes a challenge in two related parts: First, as to the scope of the order; and second, as to the number of hours.

### A. ACL Did Not Exceed the Scope of the Court's Prior Order.

The Court turns first to Weyland's claim that "ACL's request for fees to prepare its Reply and to review Plaintiff's Response is outside the Order entirely and must be disallowed in full." [*Id.* at 5]. In essence, Weyland takes a literal approach to the Court's order awarding ACL "the reasonable attorney's fees ACL incurred in preparing its Motion for Summary Judgment [R. 33] to the extent that motion rests on the deemed admission." [R. 43 at 14].

Weyland argues that the Order did not, by its express terms, include the work undertaken in reviewing Weyland's Response brief and submitting a Reply brief.

This case presents a unique issue where Weyland procedurally "won" the underlying motion to compel and defeated ACL's motion for summary judgment, yet the Court required *Weyland* to pay the attorney fees incurred as a result of the motion. Courts in the Sixth Circuit have faced this unique problem before. They regularly hold that a party in ACL's position may also recover the fees for the Reply brief, not solely for the original motion itself. *Cooper v. Shelby Cnty., Tenn.*, No. 07-2283-STA-CGC, 2010 WL 1050254, at *2 (W.D. Tenn. Mar. 22, 2010) (recognizing award for preparation of reply brief); *see also Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp. 2d 797, 806 (N.D. Ohio 2013) (recognizing same in context of EAJA fee disputes). This is particularly true where the fees were related to drafting a reply in support of a dispositive motion. *See, e.g., Petter Invs., Inc. v. Hydro Eng'g, Inc.*, No. 1:07-CV-1033, 2011 WL 13202156, at *4 (W.D. Mich. Sept. 19, 2011) (awarding fees for a reply and noting a distinction between dispositive motions which allow for automatic filing of a reply and non-dispositive motions under local rules).

The *Cooper* case in instructive. There, the court faced a similar procedural issue. The defendants in that case filed a motion to dismiss. *Cooper*, 2010 WL 1050254, at *1. The court denied the defendants' motion but ordered that plaintiff's counsel pay the reasonable attorneys' fees incurred as a result of the motion. *Id.* The plaintiff in that case, like Weyland, argued that the defendants "should only be awarded fees for the preparation of the motion itself, not the reply brief." *Id.* The court quickly disposed of this argument, holding that the defendants could recover for the preparation of a reply brief. *Id.* at *2. The court did, however, reduce the fees on the basis that the claimed 22.3 hours spent preparing the reply brief were excessive. *Id.*

The *Cooper* case is nearly identical to the procedural position of the case at bar. For additional support, the Court looks to Social Security fee litigation as a helpful comparison.[2] In such cases, "a court may compensate a claimant for the value of attorney services rendered in defending the propriety of an EAJA award, including a reply brief and supplemental application." *Gunther*, 943 F.Supp.2d at 806; *see also Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 166 ("Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute."). The same is true for prevailing parties in 42 U.S.C. § 1983 actions.[3] *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012). A prevailing plaintiff in such a case may properly recover fees for work done in connection with a fee application itself, including filing a reply brief. *J.B-K.-1 v. Sec'y of Kentucky Cabinet for Health & Fam. Servs.*, No. 318CV00025GFVTEBA, 2023 WL 3016281, at *4 (E.D. Ky. Mar. 20, 2023), *aff'd sub nom. J. B-K. by Next Friend E.B. v. Sec'y of Kentucky Cabinet for Health & Fam. Servs.*, No. 23-5346, 2024 WL 1697765 (6th Cir. Feb. 5, 2024).

Weyland's reading of the order is "rather too literal" and "on the whole, is a sacrifice of substance to form." *Madisonville Traction Co. v. St. Bernard Mining Co.*, 196 U.S. 239, 257 (1905) (Holmes, J., dissenting). The legal reasoning of *Cooper*—resolving a near-identical situation—is reason enough to overrule Weyland's objections. Fee litigation decisions in other contexts further support the inclusion of compensating work performed in filing a Reply. Weyland cites the *Dynasty* decision as "awarding only the costs of the motion," but that is not actually clear from the decision. *See* 206 F.R.D. at 602–03. There are no further opinions in that case's accessible history addressing whether the parties disputed any fee amount. It is pure speculation on Weyland's part to suggest that this 2001 case limited a fee award solely

[2] Social Security fee litigation differs in significant ways from the fee litigation of this case. A different federal statute controls with its own body of law: the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The reasonableness analysis, however, is identical. Further, there is substantial caselaw regarding fee disputes for such cases. It is therefore helpful as a persuasive authority.

[3] For similar reasons, § 1983 actions are different.

to the work performed for a single motion, and not any subsequent briefing related to that motion.

As a final point, it is common practice that a reasonable attorney would file a reply brief after an opponent filed a response opposing a dispositive motion. *Husted*, 831 F.3d at 708 n.9 ("a reasonable attorney would have believed that a reply was necessary at the point in time when the reply brief was prepared."). It would make little to no sense for the Court to order Weyland to compensate ACL for the time ACL spent drafting their summary judgment motion while ignoring work necessarily related to that same motion. This is necessarily true where "Reply briefs are designed for a moving party to reply to a response brief" to that original motion. *Johnson v. Int'l Lab'ys, LLC*, No. 7:19-CV-0004-GFVT, 2019 WL 1877289, at *2 (E.D. Ky. Apr. 26, 2019). In context, it was reasonable at the time of the submission of the summary judgment motion for ACL to conclude that Weyland would oppose that motion and that the preparation of a reply brief would be necessary.

The Court declines to adopt Weyland's interpretation of the Court's own order. The Court finds that ACL did not exceed the scope of the Court's order and that the claimed hours for reviewing Weyland's response and filing their own reply are compensable.

**B. The Requested Hours Are Reasonable.**

Next, the Court must review Weyland's challenge to the reasonableness of the claimed hours. Weyland challenges 6.3 hours of "generic entries" for factual and procedural drafting, reviewing the complaint's allegations, revising the procedural history and statement of facts, and reviewing termination-date evidence. [R. 46 at 6–7]. Weyland also takes issue with legal research related to Rule 36. [*Id.* at 7]. He also generally challenges alleged "duplicate" research performed by different attorneys for ACL.

"Reasonable fees are those that would normally be billed to a paying client." *O'Connor v. Trans Union, LLC*, No. 05-CV-74498, 2008 WL 4910670, at *22 (E.D. Mich. Nov. 13, 2008).

Drafting substantive motions, reviewing a response, and filing a reply are all fees that would normally be billed to a paying client. *See Green v. Platinum Restaurants Mid-Am., LLC*, No. 3:14CV-00439-RGJ, 2019 WL 13185943, at *6 (W.D. Ky. Aug. 22, 2019) (recognizing as reasonable 14.3 hours to draft a motion to compel and 13 hours drafting a reply). As to the time spent on "generic entries," the Sixth Circuit "favors treating a case as an inclusive whole, rather than as atomized line-items." *Townsend v. SSA*, 486 F.3d 127, 130 (6th Cir. 2007). Concerning "block-billed" descriptions, the Sixth Circuit has long held that "so long as the description of the work performed is adequate, block-billing can be sufficient." *Smith v. Service Master Corp.*, 592 F. App'x 363, 371 (6th Cir. 2014).

None of Weyland's arguments have substance. A reasonable attorney would bill their client for the entirety of a motion's contents, not simply the legal analysis. Weyland points to no precedent or rule standing for the proposition that an attorney must limit their fees only to the analysis section of a dispositive motion.[4] Such a condition would run counter to general and well-established billing practices, and the Court takes ACL's point that language addressing procedural history and reviewing relevant facts are "ordinary, usual, and expected" in dispositive motions. *See* [R. 47 at 6]. Nor does the Court find ACL's descriptions of the work performed inadequate. Indeed, none of ACL's 23 entries leaves the Court questioning the work performed by ACL's counsel. Having reviewed ACL's submitted timesheet, [R. 45-1], the Court cannot agree with Weyland that the block-billed items "cannot be separated."

Although Weyland's arguments are without merit, the Court must still analyze the lodestar amount for reasonableness. *Perdue*, 559 U.S. at 552. The Court finds that 25 hours of attorney time spent preparing the summary judgment motion, reviewing Weyland's

[4] Likewise, Weyland points to no authority holding the same in an attorney fee dispute.

response, and submitting a reply are well in line with what would be expected of similar motion practice. *See, e.g., Nature Conservancy, Inc. v. Sims*, No. CIV.A. 07-112-JMH, 2009 WL 2382378, at *2–3 (E.D. Ky. July 30, 2009), *aff'd*, 680 F.3d 672 (6th Cir. 2012) (awarding 13 hours spent on a single motion for attorney fees and 10 hours on a recycled motion); *see, e.g., Alive v. Farmington Pub. Schs.*, No. 07-12116, 2008 WL 2922372, at *7 (E.D. Mich. July 28, 2008) (awarding 25 hours for drafting a complaint in a complicated § 1983 action); *see, e.g., Thayer v. Comm'r of Soc. Sec.*, No. 1:22-CV-478, 2023 WL 2394400, at *1 (W.D. Mich. Feb. 15, 2023), *report and recommendation adopted*, No. 1:22-CV-478, 2023 WL 2388238 (W.D. Mich. Mar. 7, 2023) (acknowledging that 20 to 30 hours is the normal range for a Social Security appeal). The requested hourly rate does not strike the Court as unduly excessive either, and Weyland fails to argue to the contrary. Courts have long held that rates of around $250 per hour are reasonable in a variety of civil actions. *See, e.g., Collins v. Bisignano*, No. 5:24-CV-00125-MAS, 2026 WL 1250270, at *2 (E.D. Ky. Mar. 10, 2026) (finding $250 to be reasonable in a Social Security appeal limited by EAJA considerations). As late as 2010, Courts in this district recognized that rates of $300 for partners are reasonable. *Am. Canoe Ass'n, Inc. v. City of Louisa*, 683 F. Supp. 2d 480, 488 (E.D. Ky. 2010); *Hendricks v. Quickway Transportation, Inc.*, No. 3:20-CV-710-BJB-CHL, 2021 WL 1235265, at *4 (W.D. Ky. Apr. 2, 2021) (" federal courts in and around Kentucky recently have found that hourly rates between approximately $300 and $400 represented reasonable partner rates in employment disputes."). Accordingly, the lodestar is reasonable.

**IV. Conclusion**

Having found that Weyland's objections have no merit and that the lodestar in this case is reasonable, the Court holds that ACL's request for $7,220.00 for 25 hours of attorney

work is reasonable in this case. The Court will enter this award. Accordingly, it is hereby **ORDERED** as follows:

1. Defendant American Cruise Lines' Motion for Attorney Fees **[R. 45]** is **GRANTED**.
2. Plaintiff Weyland **SHALL** have **forty-five (45) days** in which to satisfy this obligation.

This 15th day of September, 2026.

**Signed By:**
***Karen K. Caldwell*** KKC
**United States District Judge**